FILED
ASHEVILLE, N. C.

JUN 1 6 2005

U.S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:05CV235

| | |
|---|---|
| PURE COUNTRY WEAVERS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRISTAR, INC.; THE PARADIES SHOPS, ) <br> INC.; JOHN AND JANE DOES (1-100); ) <br> and ABC CORPORATIONS (1-100) ) <br> ) <br> Defendants. ) | COMPLAINT FOR PERMANENT <br> INJUNCTIVE RELIEF AND COPYRIGHT <br> INFRINGEMENT |

Plaintiff, Pure Country Weavers ("Pure Country"), for its complaint against Defendants Bristar, Inc. ("Bristar"); The Paradies Shops, Inc. ("Paradies"); John and Jane Does 1-100; and ABC Corporations 1-100 alleges as follows:

## NATURE OF THE ACTION

1. This is an action for permanent injunctive relief and federal copyright infringement under 17 U.S.C. §§ 101 et seq.

2. Pure Country brings this action to prevent the continuing and irreparable harm that Pure Country is suffering and will continue to suffer due to Defendants' infringement of the copyright in Pure Country's textile art design.

3. Without Pure Country's permission or license, Defendants are reproducing and distributing Pure Country's textile art design on a wide variety of Defendants' products. Defendant Bristar has created a network of affiliates (Defendants John and Jane Does 1-100 and ABC Corporations 1-100) to help it sell a wide variety of Defendant Bristar's products – so that, upon information and belief, unauthorized reproductions of Pure Country's textile art design have flooded the market.

## PARTIES

4. Pure Country is a corporation duly organized and existing under the laws of North Carolina with its principal place of business located at 81 Skylar Drive, Lynn, NC 28750. Pure Country is in the business of manufacturing and selling textile art.

5. On information and belief, Defendant Bristar is a corporation organized and existing under the laws of California with its principal place of business located at 4611 East 48th Street, Los Angeles, CA 90058

6. On information and belief, Defendant Paradies is a corporation organized and existing under the laws of Georgia with its principal place of business located at 5950 Fulton Industrial Blvd., SW, Atlanta, GA 30336.

7. John and Jane Does 1-100 are individuals who are causing Pure Country's textile art design to be distributed as affiliates of Defendant Bristar.

8. ABC Corporations 1-100 are corporations who are causing Pure Country's textile art design to be distributed as affiliates of Defendant Bristar.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331, 1332, and 1338.

10. Personal jurisdiction is proper under North Carolina's Long Arm Statute because Defendants regularly do or solicit business in North Carolina, and derive revenue from services rendered in North Carolina, and on information and belief are selling the conforming goods in North Carolina.

11. Personal jurisdiction is proper under the U.S. Constitution because Defendants' business in North Carolina qualifies as sufficient minimum contacts between Defendants and North Carolina such that exercise of personal jurisdiction would not offend due process.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because (i) Defendants conduct business in this judicial district and (ii) Defendants' actions have injured Pure Country within this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff

13. Pure Country Weavers, Inc. ("Pure Country") has been a successful family-owned and operated business that manufactures and sells high quality textile art since 1988.

14. Pure Country is the creator of an artwork entitled "In the Wild," which entails an African or safari motif with animal skin patterns and silhouetted animal depiction (hereinafter referred to as the "Wild" design) (a copy of which is attached as Exhibit A).

15. The Wild design at issue is an original work created in 1999 by Pure Country's employees in the scope of their employment based on an initial design by the president of Pure Country's mother. The Wild design was first published and widely available that same year.

16. The Wild design was later incorporated into an afghan blanket and first sold on January 27, 2000.

17. The copyright in the Wild design is owned by Pure Country, and on March 11, 2005, Pure Country applied for federal registration with the U.S. Library of Congress's Copyright Office (a copy of which is attached as Exhibit B).

18. Pure Country's Wild design has been available worldwide to its customers through Pure Country's website <www.purecountry.com> and marketing materials, and through third parties which have been licensed by Pure Country to sell products that incorporate the Wild design.

2

## Defendants

19. Defendant Bristar is in the business of importing and selling products.

20. On information and belief, Defendant Bristar is responsible for reproducing and distributing unauthorized copies of Pure Country's Wild design.

21. On information and belief, Defendant Bristar manufactures and incorporates the Wild design on a wide variety of its products, including bags and luggage, and then sells the products to vendors, distributors or retailers.

22. Defendant Paradies, which is a retailer operating over 300 news, gifts and specialty stores in about sixty U.S. and Canadian airports, purchased products from Defendant Bristar that incorporated the Wild design and resold those products to the general public, also without permission from Pure Country.

23. Pure Country licensed the Wild design to Defendant Paradies effective April 27, 2005, however, the license is prospective and does not include a waiver of liability for past infringement.

24. Defendant Bristar has created a network of affiliates (Defendants John and Jane Doe 1-100 and ABC Corporations 1-100) who, upon information and belief, have reproduced or distributed unauthorized copies of Pure Country's Wild design.

25. Defendants are liable for copyright infringement as a result of their unauthorized reproduction and distribution of the Wild design.

26. Defendant Bristar has and continues to willfully infringe Pure Country's copyright in its Wild design.

27. Defendants are aware that they are infringing Pure Country's copyright.

28. Pure Country has informed Defendant Bristar that it is not authorized to use Pure Country's Wild design in this manner and has asked Defendant Bristar to cease and desist from infringing its copyrighted work.

29. Defendants unauthorized actions have injured Pure Country, and Pure Country is entitled to Defendants' profits and actual damages.

## COUNT I

(Copyright Infringement by Defendant Bristar)

30. Pure Country incorporates the prior paragraphs by reference.

31. Pure Country's Wild design is an original copyrightable work. Pure Country has complied in all respects with 17 U.S.C. § 101, et seq. and secured the exclusive rights in the works and has registered its copyright in the work, when published, with the US Library of Congress's Copyright Office in accordance with its rules and regulations.

32. Pure Country owns all title and interest in the Wild design, which has been reproduced and distributed by Defendant Bristar.

33. Defendant Bristar is infringing the copyright of Pure Country's Wild design by unlawfully reproducing and distributing to the public copies of the Wild design in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq. (Representative examples of Defendants' infringing products are attached as Exhibit C).

34. Defendant Bristar's infringement was and is willful, and executed with full knowledge of Pure Country's copyright, and in conscious disregard for Pure Country's exclusive rights in the protected works.

35. Pure Country is entitled to recover Defendant Bristar's profits and actual damages in accordance with 17 U.S.C. § 504.

36. Defendant Bristar's deliberate infringement of Pure Country's Wild design has greatly and irreparably damaged Pure Country, and Defendant Bristar will continue to damage Pure Country greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Pure Country will have no adequate remedy at law. Accordingly, Pure Country is entitled to a final injunction in accordance with 17 U.S.C. § 502.

## COUNT II

(Copyright Infringement by Defendant Paradies)

37. Pure Country incorporates the prior paragraphs by reference.

38. Pure Country's Wild design is an original copyrightable work. Pure Country has complied in all respects with 17 U.S.C. § 101, et seq. and secured the exclusive rights in the works and has registered its copyright in the work, when published, with the US Library of Congress's Copyright Office in accordance with its rules and regulations.

39. Pure Country owns all title and interest in the Wild design, which has been distributed by Defendant Paradies.

40. Defendant Paradies is infringing the copyright of Pure Country's Wild design by unlawfully distributing to the public copies of the Wild design in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq. (Representative examples of Defendants' infringing products are attached as Exhibit C).

41. Defendant Paradies' infringement was and is willful, and executed with full knowledge of Pure Country's copyright, and in conscious disregard for Pure Country's exclusive rights in the protected works.

42. Pure Country is entitled to recover Defendant Paradies' profits and actual damages in accordance with 17 U.S.C. § 504.

43. Defendant Paradies' deliberate infringement of Pure Country's Wild design has greatly and irreparably damaged Pure Country, and Defendant Paradies will continue to damage Pure Country greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Pure Country will have no adequate remedy at law. Accordingly, Pure Country is entitled to a final injunction in accordance with 17 U.S.C. § 502.

# COUNT III

(Copyright Infringement by Defendants John and Jane Does 1-100
and ABC Corporations 1-100)

44. Pure Country incorporates the prior paragraphs by reference.

45. Pure Country's Wild design is an original copyrightable work. Pure Country has complied in all respects with 17 U.S.C. § 101, et seq. and secured the exclusive rights in the works and has registered its copyright in the work, when published, with the US Library of Congress's Copyright Office in accordance with its rules and regulations.

46. Pure Country owns all title and interest in the Wild design, which has been distributed by Defendants John and Jane Does (1-100) and ABC Corporations (1-100).

47. Defendants John and Jane Does (1-100) and ABC Corporations (1-100) are infringing the copyright of Pure Country's Wild design by unlawfully distributing to the public copies of the Wild design in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

48. Defendants' John and Jane Does (1-100) are employees, officers and/or directors of the corporate defendants who have personally participated in the manufacture or sale of the infringing articles, used the Defendant corporations as instruments to carry out willful and deliberate acts of infringement, are the dominate influence in the defendants, determined policy that resulted in the infringement and/or derived financial benefit from the infringement.

49. Pure Country is entitled to recover Defendants' John and Jane Does (1-100) and ABC Corporations (1-100) profits and actual damages in accordance with 17 U.S.C. § 504.

50. Defendants' John and Jane Does (1-100) and ABC Corporations (1-100) deliberate infringement of Pure Country's Wild design has greatly and irreparably damaged Pure Country, and Defendants John and Jane Does (1-100) and ABC Corporations (1-100) will continue to damage Pure Country greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Pure Country will have no adequate remedy at law. Accordingly, Pure Country is entitled to a final injunction in accordance with 17 U.S.C. § 502.

# PRAYER FOR RELIEF

Wherefore, for the reasons set forth above, Pure Country prays for judgment on all counts as follows:

1. Judgment in favor of Pure Country against Defendants on Counts I, II and III.

2. A Final Order that permanently enjoins Defendants from reproducing and distributing Pure Country's Wild design.

3. An Order that requires Defendants to pay actual damages and Defendants' profits.

4. An Order requiring Defendants to file with this court within 30 days after the entry of final judgment a written statement, under oath, setting forth in detail the manner in which they have complied with the order.

5.      An Order granting Pure Country such other and further relief as this Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Pure Country requests a trial by jury on all claims so triable.

THIS the ___16___ day of June, 2005.

NORTHUP & McCONNELL, P.L.L.C.

BY: _____
Isaac N. Northup, Jr. - 9389
Attorneys for Plaintiff
123 Biltmore Avenue
Asheville, NC  28801
(828) 232-4481



**Infringement (entire work)**
**Original**





**Infringement (Zebra pattern and animals)**

**Original**





**Infringement (Zebra pattern)**

**Original**

