IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: 1-05-CV-235

PURE COUNTRY WEAVERS, INC.

Plaintiff,

vs.

BRISTAR, INC.; THE PARADIES SHOPS, INC.; JOHN AND JANE DOES (1-100); and ABC CORPORATIONS (1-100)

Defendant.;

---

The Paradies Shops, Inc.,

Cross-Claimant,

vs.

Bristar, Inc.,

Cross-Defendant.

**ANSWER TO SUPPLEMENT AND CROSS-CLAIM OF THE PARADIES SHOPS, INC.**

Defendant The Paradies Shops, Inc. ("Paradies") hereby incorporates by reference its affirmative defenses and its answers to the allegations contained in the Complaint of Plaintiff Pure Country Weavers, Inc. ("Pure Country"), and further responds to the individual paragraphs of Pure Country's Supplemental Pleading as follows:

**Allegation No. 1:** On March 11, 2005, a copyright application for Plaintiff's drawing IN THE WILD was delivered to the Copyright Office.

**Answer to Allegation No. 1:** Paradies is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 1 of Pure Country's Supplement.

**Allegation No. 2:** On March 14, 2005, the Copyright Office stamped the application as received.

**Answer to Allegation No. 2:** Paradies is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 2 of Pure Country's Supplement

**Allegation No. 3:** On or about August 3, 2005, the copyright registration for IN THE WILD was received (a true copy of the certificate was previously filed by counsel for the plaintiffs and appears on Docket No. 14).

**Answer to Allegation No. 3:** Paradies is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 4 of Pure Country's Supplement.

**Allegation No. 4:** The effective date of the registration for IN THE WILD is March 14, 2005.

**Answer to Allegation No. 4:** Paradies is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 4 of Pure Country's Supplement.

**Allegation No. 5:** The certificate of registration for IN THE WILD bears number VA 1-33-291.

**Answer to Allegation No. 5:** Paradies is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 5 of Pure Country's Supplement.

## GENERAL DENIAL

Paradies denies any averment of the Complaint that is not expressly admitted herein.

WHEREFORE having fully answered Pure Country's Supplement, Paradies prays as follows:

(1) That Plaintiff's Complaint be dismissed with prejudice and that Paradies be dismissed and discharged from this action without liability;

(2) That Paradies, pursuant to 17 U.S.C.A § 505 and 15 U.S.C.A § 1117(a), recover its reasonable attorneys' fees and costs incurred in defending this action;

(3) That all cost of this action be charged against Plaintiff; and

(4) That Paradies have such other and further relief as this Court may deem just and proper.

## Cross Claim

Plaintiff The Paradies Shops, Inc. ("Paradies") files this Cross-Claim against Defendant Bristar, Inc. ("Bristar"), and shows the Court the following:

## PARTIES

1.

Bristar is a corporation organized and existing under the laws of California with its principal place of business located at 4611 East 48th Street, Vernon, CA 90058. Bristar can be served through its registered agent, Feng Zhang, 4611 East 48th Street, Vernon, CA 90058.

2.

Paradies is a corporation organized and existing under the laws of Georgia with its principal place of business located at 5950 Fulton Industrial Blvd., SW, Atlanta, GA 30336.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a), in that the claims made in this Cross-Claim form part of the same case or controversy. This Court also has ancillary subject matter jurisdiction pursuant to Fed.R.Civ.P. 13(g) because this Cross-Claim is brought by Paradies against Bristar on the grounds that Bristar is liable for all of the claims asserted against Paradies.

4.

This Court has personal jurisdiction over Bristar because Bristar has systematically and continuously transacted business in the State of North Carolina.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6.

Bristar is a merchant that regularly sells merchandise wholesale to retailers, including pieces of luggage. Bristar is a "merchant" within the definition of O.C.G.A. § 11-2-104(1).

7.

Paradies is an airport concessionaire, operating retail newsstands and gift shops in airports nation-wide. Paradies is a "merchant" within the definition of O.C.G.A. § 11-2-104(1).

8.

In 2003, Paradies met Bristar's successor-in-interest, Dony ("Los Angeles") Corporation ("Dony") at a trade show.

9.

Dony was showing various luggage pieces, including luggage displaying the "Safari" design prior to Paradies' first encounter with Dony. Dony presented the "Safari" pattern luggage to Paradies as one of the patterns for Paradies' consideration.

10.

Paradies engaged in negotiations with Dony to purchase luggage wholesale. At all times during these negotiations, Paradies would place phone calls, send faxes, and otherwise communicate from its offices in Atlanta, Georgia. Similarly, Dony would place phone calls to, send faxes to and otherwise communicate with Paradies in Paradies' offices in Atlanta, Georgia.

11.

Paradies began purchasing luggage from Dony, including luggage displaying the "Safari" design.

12.

Paradies did not create, assist in creating, and does not have knowledge about the creation of the "Safari" design.

13.

Rather, Paradies relied exclusively upon Dony to ensure that it had created, was properly licensed, or otherwise owned all rights, to sell the "Safari" luggage.

14.

Dony in fact received a copyright registration in 2003, Registration No. VA-1-224-212 for the "Safari" design.

15.

In contrast, Pure Country Weavers, Inc. ("Pure Country") did not hold a federal copyright registration for its "In The Wild" design in 2003. Pure Country did not apply for a copyright registration until 2005.

16.

At some point in time, Dony transferred the account to Bristar and Paradies began purchasing "Safari" luggage from Bristar.

17.

Paradies regularly placed phone calls, send faxes, and otherwise communicated with Bristar from its offices in Atlanta, Georgia. Similarly, throughout the years, Bristar repeatedly placed phone calls to, send faxes to and otherwise communicated with Paradies in Paradies' headquarters in Atlanta, Georgia. Bristar's principals visited Paradies' principal place of business in Atlanta, Georgia to negotiate prices, show product, and otherwise develop good will.

18.

On August 19, 2003, Paradies entered into an agreement with Bristar. This agreement, while extremely vague and ambiguous, deals with Bristar's obligation to store merchandise pending issuance of a purchase order by Paradies.

19.

As to quantity, price, and shipping instructions, the course of performance between the Parties was such that: (a) Paradies would issue a Purchase Order from its offices in Atlanta for identified quantities of luggage pieces; (b) Bristar would thereafter deliver the luggage pieces to Paradies' shops located in airports around the nation; (c) Bristar would issue an invoice to Paradies; (d) Paradies would identify any credits, which included damaged or defective product or invoice amount discrepancies; (e) Paradies would pay the invoice as reduced by such credits; and (f) Bristar thereafter accepted and

deposited the checks paying the invoice as reduced by the identified and applicable credits.

20.

Bristar, as a merchant regularly dealing in goods of the kind, warranted title to the "Safari" luggage that such luggage was delivered free of the rightful claim of any third person by way of infringement. *See* O.C.G.A. § 11-2-312. This warranty of title applied to Bristar's sale of "Safari" luggage to Paradies.

21.

Bristar has breached its warranty of title.

22.

Paradies is entitled to deduct damages resulting from Bristar's breach of the warranty of title. *See* O.C.G.A. § 11-2-717.

23.

Paradies received a cease & desist letter from Pure Country on March 11, 2005 pursuant to which Pure Country demanded that Paradies stop selling luggage displaying the "Safari" design.

24.

Paradies immediately tendered defense of Pure Country's claims to Bristar pursuant to Bristar's indemnification obligations.

25.

Pure Country filed this lawsuit for copyright infringement.

26.

Bristar refused and has continued to refuse to acknowledge its obligation to indemnify Paradies.

27.

Upon information and belief, Bristar is insolvent.

28.

Bristar is not a resident of Georgia.

29.

All conditions precedent to this action have been satisfied.

## COUNT I

## DECLARATORY JUDGMENT

30.

Paradies specifically realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 29 above.

31.

An actual controversy exists.

32.

Paradies did not create, assist in the creation or have knowledge about the creation of the "Safari" design.

33.

Paradies is without any negligence or fault. Any alleged infringement of Pure Country's copyright or trademark rights was undertaken innocently. The only basis for Paradies' liability, if such liability is established, is due to Bristar's actions. Therefore, Bristar should bear the costs caused by its wrongdoing for which Paradies is held liable, if such wrongdoing is established.

34.

Paradies is entitled to indemnification from Bristar pursuant to Bristar's warranty of title under O.C.G.A. § 11-2-312.

35.

Paradies is further entitled to set-off any amounts owed to Bristar pursuant O.C.G.A. §§ 13-7-11, 13-7-5, and 23-2-76.

36.

Paradies is entitled to deduct damages resulting from Bristar's breach of the warranty of title. *See* O.C.G.A. § 11-2-717.

37.

Paradies has no adequate remedy at law, and the balance of the equities favor Paradies.

38.

Paradies is entitled to an Order declaring that Bristar has an obligation to provide indemnification to Paradies, that Paradies is entitled to set-off any amounts owed to Bristar, and to and such other relief as the Court deems appropriate.

## COUNT II – BREACH OF WARRANTY

39.

Paradies specifically realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 38 above.

40.

Bristar warranted title to the luggage that the luggage shall be delivered free of the rightful claim of any third person by way of infringement. *See* O.C.G.A. § 11-2-312.

41.

Bristar breached its warranty of title by delivering luggage that infringes upon Pure Country Weavers' copyright.

42.

As a result of Bristar's breach of its warranty of title, Paradies is entitled to damages in an amount to be proven at trial.

WHEREFORE, based on the allegations set forth herein, Plaintiff The Paradies Shops, Inc. prays that this Court grant relief as follows:

(a) On Count I of the Complaint, declaratory judgment ordering Bristar to provide indemnification to Paradies and ordering Paradies to retain any amounts owed to Bristar in set-off of Bristar's indemnification obligations;

(b) On Count II of the Complaint, a judgment for Paradies for monies owed on pursuant to Bristar's breach of warranty, including damages in an amount to be proven at trial, together with interest, costs and attorneys' fees;

(c) Such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**HAMILTON FAY MOON STEPHENS STEELE & MARTIN, PLLC**

/s Roxanne Matthews Lucy

Margaret Behringer Maloney
North Carolina Bar No. 13253
Roxanne Matthews Lucy
North Carolina Bar No. 32278
2020 Charlotte Plaza
201 South College Street
Charlotte, NC 28244-2020
Telephone : (704) 227-1054
Facsimile: (704) 344-1483

Of Counsel:

**CARLTON FIELDS, P. A.**
Alison P. Danaceau
Georgia Bar No. 203755
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, GA 30309
Tel: (404) 815-3400
Fax: (404) 815-3415
adanaceau@carltonfields.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon counsel of record by electronic copy, addressed as follows:

Isaac N. Northup, Jr.
NORTHUP & MCCONNELL, P.L.L.C.
123 Biltmore Avenue
Asheville, NC 28801
Attorneys for Plaintiff

J. Scott Evans, Esq.
Mathew J. Ladenheim, Esq.
Adams Evans, P.A.
2180 Two Wachovia Center
301 South Tyron Street
Charlotte, NC 28282
Attorneys for Plaintiff

Joshua Kaufman, Esq.
Venable LLP
575 - 7th Street, NW
Washington, DC 20004-1601

Alison P. Danaceau, Esq.
Carlton Fields
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, GA 30309

This the 1st day of February, 2006.

By: /s Roxanne Matthews Lucy
Roxanne Matthews Lucy