# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| PURE COUNTY WEAVERS, INC. | )<br>)<br>) |
| Plaintiff, | ) Civil Action No:<br>) |
| v. | ) 1:05CV235<br>) |
| BRISTAR, INC; THE PARADIES SHOPS,<br>INC.; JOHN AND JANE DOES (1-100);<br>AND ABC COPORATIONS (1-100) | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ANSWER TO COMPLAINT AND SUPPLEMENTAL PLEADING

**COMES NOW** the Defendant, Bristar, Inc., by and through its legal counsel, Adams Evans P.A., and in Answer to the Complaint does hereby state:

### Nature of Action

1. It is admitted that the Complaint in the above-captioned proceeding seeks injunctive relief and purports to state a claim for copyright infringement. Except as specifically admitted herein, the allegations contained in paragraph 1 are denied.

2. Denied.

3. Denied.

### Parties

4. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 4, accordingly, those allegations are denied.

1

5. Admitted.

6. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 6, accordingly, those allegations are denied.

7. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 7, accordingly, those allegations are denied.

8. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 8, accordingly, those allegations are denied.

## Jurisdiction and Venue

9. Admitted.

10. It is admitted that Bristar is subject to personal jurisdiction in the United States District Court for the Western District of North Carolina. Except as specifically admitted herein, the allegations contained in paragraph 10 are denied.

11. It is admitted that Bristar is subject to personal jurisdiction in the United States District Court for the Western District of North Carolina. Except as specifically admitted herein, the allegations contained in paragraph 11 are denied.

12. It is admitted that this Court is a proper venue for resolution of this dispute. Except as specifically admitted herein, the allegations contained in paragraph 12 are denied.

## Factual Allegations Common to All Counts

13. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 13, accordingly, those allegations are denied.

14. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 14, accordingly, those allegations are denied.

15. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 15, accordingly, those allegations are denied.

16. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 16, accordingly, those allegations are denied.

17. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 17, accordingly, those allegations are denied.

18. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 18, accordingly, those allegations are denied.

19. Admitted.

20. Denied.

21. Denied.

22. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 22, accordingly, those allegations are denied.

23. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 23, accordingly, those allegations are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted that Plaintiff has sent a cease and desist demand to Bristar. Except as specifically admitted herein, the allegations contained in paragraph 28 are denied.

29. Denied.

## Count One

30. Paragraphs 1-29 are incorporated by reference herein as though set forth in their entirety.

31. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 31, accordingly, those allegations are denied.

32. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 32, accordingly, those allegations are denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## Count Two

37. Paragraphs 1-36 are incorporated by reference herein as though set forth in their entirety.

38. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 38, accordingly, those allegations are denied.

39. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 39, accordingly, those allegations are denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## Count Three

44. Paragraphs 1-43 are incorporated by reference herein as though set forth in their entirety.

45. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 45, accordingly, those allegations are denied.

46. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 46, accordingly, those allegations are denied.

47. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 47, accordingly, those allegations are denied.

48. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 48, accordingly, those allegations are denied.

49. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 49, accordingly, those allegations are denied.

50. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 50, accordingly, those allegations are denied.

## RESPONSE TO SUPPLEMENTAL PLEADING

Defendant Bristar further responds to the Supplemental Pleading of Pure Country Weavers as follows:

1. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 1 of the supplemental pleading, accordingly, those allegations are denied.

2. Bristar is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 2 of the supplemental pleading, accordingly, those allegations are denied.

3. Admitted that Plaintiff has previously filed what appears to be a certificate of registration for

the work IN THE WILD. Bristar is without information sufficient to form an opinion as to the truth or falsity of the remaining allegations contained in paragraph 3 of the supplemental pleading, accordingly, those allegations are denied.

4. Admitted that the effective date of United States Copyright Registration VA 1--313-291 appears to be March 14, 2005. Except as specifically admitted herein, the allegations contained in paragraph 4 of the supplemental pleading are denied.

5. Admitted that United States Copyright Registration No. VA 1--313-291 appears to be for a work entitled IN THE WILD. Except as specifically admitted herein, the allegations contained in paragraph 5 of the supplemental pleading are denied.

## General Denial

Except as specifically admitted herein, the allegations contained in the Complaint and Supplemental Pleading are hereby denied.

## Affirmative Defenses

Having responded to each enumerated paragraph in the Complaint and Supplemental Pleading, Bristar presents the following Affirmative Defenses

### First Defense

Bristar independently created its SAFARI design.

### Second Defense

Bristar did not copy any protectable expression owned by Plaintiff.

### Third Defense

Bristar did not copy the work reflected in Plaintiff's copyright registration.

6

### Fourth Defense

Plaintiff's claims for relief are barred in whole or in part by the equitable principles and defenses of acquiescence, implied license, estoppel and/or waiver.

### Fifth Defense

Plaintiff's claims for relief are barred in whole or in part by virtue of its failure to mitigate its damages.

**Prayer for Relief**

**WHEREFORE**, Bristar prays:

A. That Plaintiff have and take nothing of its Complaint.

B. That Bristar be awarded its reasonable costs and attorney's fee's incurred in connection with the defense of this Action.

C. That this Court award Bristar any and all such other relief as it may deem just and equitable;

D. That all triable issues be brought before a jury.

Respectfully submitted,

This the 16th day February, 2006.

s/ J. Scott Evans
J.Scott Evans
N.C. Bar No. 22,714
Counsel for Bristar
j.scott.evans@adamspat.com

Of Counsel:

J. Scott Evans
(N.C. Bar No.22,714)
Matthew Ladenheim
(N.C. Bar No. 29,309)
Kathryn A. Gromlovits
(N.C. Bar No. 32,700)
ADAMS EVANS P.A.
2180 Two Wachovia Center
301 South Tryon Street
Charlotte, NC 28282
Phone: (704) 375-9249
Fax: (704) 375-0729

# CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing document, **Answer to Complaint and Supplemental Pleading,** were duly served upon Counsel for the parties by depositing copies of the same in the United States mail, first-class mail postage prepaid, addressed as follows:

>Isaac N. Northup, Jr., Esq.
>NORTHUP & MCCONNELL, PLLC
>P.O. Box 7567
>Asheville, NC 28802

and by CM/ECF mailing addressed as follows:

>Alison P. Danaceau, Esq.
>adanaceau@carltonfields.com
>
>Joshua J. Kaufman, Esq.
>jjkaufman@venable.com
>
>Roxanne Matthews Lucy, Esq.
>rlucy@lawhfm.com
>
>Margaret Behringer Maloney, Esq.
>mmaloney@lawhfm.com

This the   16th   day of February, 2006.

>s/ Matthew J. Ladenheim
>Matthew J. Ladenheim
>North Carolina Bar Number 29,309
>Attorney for Defendant Bristar, Inc.

OF COUNSEL:

J. Scott Evans
Matthew J. Ladenheim
ADAMS EVANS P.A.
2180 Two Wachovia Center
301 South Tryon Street
Charlotte, NC   28282
Tel: (704) 375-9249
Fax: (704) 375-0729
Our File No. 3444/1